**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware
_____
(State)

Case number *(if known)*: _____    Chapter ___11___

☐ Check if this is an
amended filing

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | | |
|---|---|---|
| 1. **Debtor's Name** | White Stallion Energy, LLC | |

| | |
|---|---|
| 2. **All other names debtor used in the last 8 years** | White Stallion; White Stallion Coal, LLC |
| Include any assumed names, trade names, and *doing business as* names | |

| | |
|---|---|
| 3. **Debtor's federal Employer Identification Number (EIN)** | 27-1932360 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 250 Cross Pointe Boulevard | |
| Number          Street | Number          Street |
| | |
| Evansville, IN 47715 | |
| City          State          Zip Code | City          State          Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| Vanderburgh County | |
| County | |

| | |
|---|---|
| 5. **Debtor's website (URL)** | N/A |

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    White Stallion Energy, LLC                                Case number *(if known)* _____
      Name

---

**7.  Describe debtor's business**

A.  *Check One:*

☐  Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐  Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐  Railroad (as defined in 11 U.S.C. § 101(44))

☐  Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐  Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐  Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒  None of the above

---

B.  *Check all that apply:*

☐  Tax-exempt entity (as described in 26 U.S.C. § 501)

☐  Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐  Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

---

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

2121

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐  Chapter 7

☐  Chapter 9

☒  Chapter 11.  *Check all that apply:*

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐  The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B)..

☐  The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐  A plan is being filed with this petition.

☐  Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐  The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

☐  The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐  Chapter 12

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒  No

☐  Yes.    District _____  When _____    Case number _____
                                MM/DD/YYYY

               District _____  When _____    Case number _____
                                M/DD/YYYY

---

Debtor    White Stallion Energy, LLC                    Case number (if known) _____

Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.    Debtor    See Schedule 1                    Relationship    Affiliate

District    Delaware                    When    12/2/2020

Case number, if known _____        MM / DD / YYYY

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number        Street
_____
_____
City                    State        Zip Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____

Contact name _____

Phone _____

| | Statistical and administrative information |
|---|---|

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors[1]**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☒ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| ☐ | 200-999 | | | | |

---

[1] Estimated number of creditors, assets and liabilities noted here are provided on a consolidated basis.

Debtor    White Stallion Energy, LLC
_____  Case number *(if known)* _____
Name

| **15. Estimated assets**[2] | ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
|---|---|---|---|---|---|---|
| | ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| | ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| | ☐ | $500,001-$1 million | ☒ | $100,000,001-$500 million | ☐ | More than $50 billion |

| **16. Estimated liabilities**[3] | ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
|---|---|---|---|---|---|---|
| | ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| | ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| | ☐ | $500,001-$1 million | ☒ | $100,000,001-$500 million | ☐ | More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **12/2/2020**
                MM/ DD / YYYY

✖    */s/ David J. Beckman*                    David J. Beckman
     Signature of authorized representative of debtor    Printed name

Title    **Authorized Officer**

**18. Signature of attorney**

✖    */s/ M. Blake Cleary*                    Date    **12/2/2020**
     Signature of attorney for debtor                  MM/DD/YYYY

**M. Blake Cleary**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**Rodney Square**
**1000 North King Street**
Number          Street

**Wilmington**                    **DE**        **19801**
City                             State      ZIP Code

**302-571-6600**                 **mbcleary@ycst.com**
Contact phone                    Email address

**3614**                         **DE**
Bar number                       State

---

[2]    Estimated number of creditors, assets and liabilities noted here are provided on a consolidated basis.

[3]    Estimated number of creditors, assets and liabilities noted here are provided on a consolidated basis.

<table>
<tr><td><strong>Fill in this information to identify the case</strong>:</td></tr>
</table>

| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: |
| District of Delaware |
| (State) |
| Case number *(if known)*: _____    Chapter ___11___ |

## <u>Schedule 1</u>

### <u>Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor</u>

On the date hereof, each of the entities listed below (collectively, the "<u>Debtors</u>") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of **White Stallion Energy, LLC**.

- Alchemy Fuels, LLC
- Carbo*Prill, LLC
- Chili Pepper Mine, LLC
- Friendsville Mine LLC
- Liberty Mine, LLC
- Red Brush West, LLC
- Solar Sources Mining, LLC
- Trust Resources, LLC
- Vigo Coal Land, LLC
- Vigo Coal Operating Co., LLC
- Vigo Coal Sales, LLC
- Vigo Cypress Mine LLC
- Vigo Equipment, LLC
- Vigo Sunna, LLC
- White Stallion - Eagle River, LLC
- White Stallion - Solar, LLC
- White Stallion Acquisition, LLC
- White Stallion Energy, LLC
- White Stallion Holdings, LLC

## OMNIBUS WRITTEN CONSENT IN LIEU OF
## MEETINGS OF THE STAKEHOLDERS

December 2, 2020

The undersigned, being the sole member, supermajority of the members, manager or executive committee (each, a "Stakeholder" and collectively, the "Stakeholders") of each of the companies listed on **Schedule 1** attached hereto (each, a "Company" and collectively, the "Companies"), in lieu of holding a meeting of such Stakeholders, hereby adopt the following resolutions by written consent as of the date first written above, pursuant to the bylaws, operating agreement, limited liability company agreement or other operating agreement, as applicable (each, an "Operating Agreement"), of each Company and the applicable laws of the jurisdiction in which such Company is organized, which action shall have the same force and effect as if taken at a meeting of each Company's Stakeholders, as applicable, duly called and constituted, pursuant to the applicable Operating Agreement of each such Company and the laws of the jurisdiction in which such Company is organized.

**WHEREAS**, the respective Stakeholders of each Company has considered presentations by the management and the financial and legal advisors of such Company regarding the liabilities and liquidity situation of such Company, the strategic alternatives available to them, and the effect of the foregoing on such Company's business;

**WHEREAS**, the respective Stakeholders of each Company has consulted with the management and the financial and legal advisors of such Company and fully considered each of the strategic alternatives available to such Company;

**WHEREAS**, after careful consideration, the respective Stakeholders of each Company has determined that it is desirable and in the best interests of such Company, its creditors, stakeholders and other interested parties, that such Company file or cause to be filed voluntary petitions for relief (each, a "Chapter 11 Case" and collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") in which the authority for each such Company to operate as a debtor in possession will be sought; and

**WHEREAS**, after careful consideration, the respective Stakeholders of each Company has determined that it is desirable and in the best interests of such Company and its respective creditors, equity holders, and other parties in interest that such Company enter into, execute, deliver, certify, file and/or record and perform under a DIP financing agreement, including an initial term sheet and any other related documents, by and among the Companies and certain of the Companies' creditors;

## 1.    APPROVAL OF CHAPTER 11 FILING

**NOW, THEREFORE, BE IT RESOLVED**, that each Company shall be, and hereby is, authorized, directed, and empowered to file or cause to be filed Chapter 11 Cases under the provisions of the Bankruptcy Code in the Bankruptcy Court;

**FURTHER RESOLVED**, that any terms in the Companies' Operating Agreements providing for the dissolution or winding up of a Company upon the bankruptcy or dissolution of a member of such Company are hereby waived by the Companies so that the bankruptcy or dissolution of any member of a Company, or any other event related to the commencement of the Chapter 11 Cases, shall not cause a Company to be dissolved or its affairs to be wound up, and upon the occurrence of any such event, each Company shall continue without dissolution; and

**FURTHER RESOLVED**, that David Beckman (the "Authorized Officer"), acting alone or with one or more other directors or officers of any Company be, and hereby is, authorized, empowered, and directed to execute and file on behalf of such Company all petitions, schedules, lists, motions, papers, documents, or other filings, and to take any and all action that he deems necessary or proper to obtain such relief, including any action necessary to maintain the ordinary-course operation of the relevant Company's business.

2.    **RETENTION OF PROFESSIONALS**

**NOW, THEREFORE, BE IT RESOLVED**, that the Authorized Officer be, and hereby is, authorized and directed to (a) employ the law firm of Paul Hastings LLP ("Paul Hastings") as general bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations in the Chapter 11 Cases, including filing any pleadings, and (b) in connection therewith, execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of Paul Hastings;

**FURTHER RESOLVED**, that the Authorized Officer be, and hereby is, authorized and directed to (a) employ the law firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway") as local bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations in the Chapter 11 Cases, including filing any pleadings, and (b) in connection therewith, execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of Young Conaway;

**FURTHER RESOLVED**, that the Authorized Officer be, and hereby is, authorized and directed to (a) employ the firm FTI Consulting, Inc. ("FTI") as financial advisor to, among other things, assist each Company in (i) developing financial data for evaluation by its Stakeholders, creditors, or other third parties (in each case as requested by such Company), (ii) responding to issues related to such Company's financial liquidity, and (iii) selling such Company's assets, and (b) in connection therewith, execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of FTI;

**FURTHER RESOLVED**, that the Authorized Officer be, and hereby is, authorized and directed to (a) employ the firm of Prime Clerk LLC ("Prime Clerk") as notice and claims agent and administrative advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations in the Chapter 11 Cases, and (b) in connection therewith, execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of Prime Clerk;

**FURTHER RESOLVED**, that the Authorized Officer be, and hereby is, authorized and empowered to (a) employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code, and (b) in connection therewith, to execute appropriate retention agreements, pay appropriate retainers and fees, and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

**FURTHER RESOLVED**, that the Authorized Officer (and his designees and delegates) be, and hereby is, authorized, empowered, and directed to (a) execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, (b) in connection therewith, employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals, and (c) take and perform any and all further acts and deeds that the Authorized Officer deems necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of each such case.

3.      **CASH COLLATERAL AND DIP FINANCING**

**NOW, THEREFORE, BE IT RESOLVED**, that the Authorized Officer (and his designees and delegates) be, and hereby is, authorized and empowered, to (a) seek approval of a cash collateral order in interim and final form which may require the Company to grant liens and (b) negotiate and enter into debtor-in-possession financing, in each case subject to potential capital maintenance rules and financial assistance rules to be complied with under applicable laws;

**FURTHER RESOLVED**, that the Authorized Officer (and his designees and delegates) be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Company to secure the payment and performance of any post-petition financing by (a) pledging or granting liens and mortgages on, or security interest in, all or any portion of such Company's assets, including all or any portion of the issued and outstanding capital stock, partnership interests, or membership interests of any subsidiaries of such Company, whether now owned or hereafter acquired, and (b) entering into or causing to be entered into such security agreements, pledge agreements, control agreements, inter-creditor agreements, mortgages, deeds of trust and other agreements as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate or desirable by the officer executing the same, the execution thereof by such officer to be conclusive evidence of such approval or determination; and

**FURTHER RESOLVED**, that the Authorized Officer (and his designees and delegates) be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Company to (a) take such further actions and execute and deliver such certificates, instruments, guaranties, notices and documents as may be required or as such officers may deem necessary, advisable or proper to carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements and the like, and (b) perform the obligations of such Company under the relevant companies law applicable to such Company and the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form as the officers performing or executing the same shall approve, and the performance or execution thereof by such officers shall be conclusive evidence of the approval thereof by such officers and by such Company.

4.      **GENERAL**

**NOW, THEREFORE, BE IT RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Officer, the Authorized Officer (and his designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in the Authorized Officer's (or their respective designees' or delegates') reasonable business judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**FURTHER RESOLVED**, that the respective Stakeholders of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waives any right to have received such notice;

**FURTHER RESOLVED**, that all actions taken by the Authorized Officer (and his designees and delegates) to carry out the purposes and intent of the foregoing resolutions prior to their adoption are approved, ratified, and confirmed;

**FURTHER RESOLVED**, that the Authorized Officer (and his designees and delegates) be, and hereby is, authorized and empowered to take all actions, or to not take any action in the name of each Company, with respect to the transactions contemplated by these resolutions hereunder, as the Authorized Officer shall deem necessary or desirable in the Authorized Officer's reasonable business judgment, as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein; and

**FURTHER RESOLVED**, that this consent may be executed in as many electronic or original counterparts as may be required, and all counterparts shall collectively constitute one and the same consent.

* * * * * *

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

American Patriot Energy, LLC

By: _____
Name: Steven H. Chancellor
Title:   Chairman

Being the sole voting member of:

White Stallion Holdings, LLC, a limited liability company organized in Indiana

[*Signature Page to Omnibus Written Consent*]

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Rashda Buttar

_____
Jim Bunn

_____
David Beckman

Being all the members of the Executive Committee of:

White Stallion Energy, LLC, a limited liability company organized in Delaware

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Rashda Buttar

_____
Jim Bunn

_____
David Beckman

Being all the members of the Executive Committee of:

White Stallion Energy, LLC, a limited liability company organized in Delaware

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Rashda Buttar


_____
Jim Bunn


_____
David Beckman


Being all the members of the Executive Committee of:

White Stallion Energy, LLC, a limited liability company organized in Delaware

[*Signature Page to Omnibus Written Consent*]

**IN WITNESS WHEREOF,** the undersigned have executed this written consent as of the date first set forth above.

_Rashda Buttar_
_____
Rashda Buttar


_____
Jim Bunn


_____
David Beckman


Being all the members of the Executive Committee of:
White Stallion Energy, LLC, the sole member of:

White Stallion Acquisition, LLC, a limited liability
company organized in Indiana

[*Signature Page to Omnibus Written Consent*]

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Rashda Buttar

_____
Jim Bunn

_____
David Beckman

Being all the members of the Executive Committee of: White Stallion Energy, LLC, the sole member of:

White Stallion Acquisition, LLC, a limited liability company organized in Indiana

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Rashda Buttar


_____
Jim Bunn


_____
David Beckman


Being all the members of the Executive Committee of:
White Stallion Energy, LLC, the sole member of:

White Stallion Acquisition, LLC, a limited liability
company organized in Indiana


[*Signature Page to Omnibus Written Consent*]

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Rashda Buttar

_____
Jim Bunn

_____
David Beckman

Being all the members of the Executive Committee of:
White Stallion Energy, LLC, the sole member of:

White Stallion - Solar, LLC, a limited liability
company organized in Indiana

[*Signature Page to Omnibus Written Consent*]

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Rashda Buttar

_____
Jim Bunn

_____
David Beckman

Being all the members of the Executive Committee of:
White Stallion Energy, LLC, the sole member of:

White Stallion - Solar, LLC, a limited liability
company organized in Indiana

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Rashda Buttar


_____
Jim Bunn


_____
David Beckman


Being all the members of the Executive Committee of:
White Stallion Energy, LLC, the sole member of:


White Stallion - Solar, LLC, a limited liability
company organized in Indiana


[*Signature Page to Omnibus Written Consent*]

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Rashda Buttar

_____
Jim Bunn

_____
David Beckman

Being all the members of the Executive Committee of:
White Stallion Energy, LLC, the sole member of:
White Stallion - Solar, LLC, the sole member of:

Solar Sources Mining, LLC, a limited liability
company organized in Indiana

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Rashda Buttar

_____
Jim Bunn

_____
David Beckman

Being all the members of the Executive Committee of:
White Stallion Energy, LLC, the sole member of:
White Stallion - Solar, LLC, the sole member of:

Solar Sources Mining, LLC, a limited liability
company organized in Indiana

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Rashda Buttar


_____
Jim Bunn


_____
David Beckman


Being all the members of the Executive Committee of:
White Stallion Energy, LLC, the sole member of:
White Stallion - Solar, LLC, the sole member of:

Solar Sources Mining, LLC, a limited liability
company organized in Indiana

[*Signature Page to Omnibus Written Consent*]

**IN WITNESS WHEREOF,** the undersigned have executed this written consent as of the date first set forth above.

_____
Rashda Buttar

_____
Jim Bunn

_____
David Beckman

Being all the members of the Executive Committee of:
White Stallion Energy, LLC, the sole member of:
White Stallion Acquisition, the sole member of:

Carbo*Prill, LLC, a limited liability company
organized in Indiana

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Rashda Buttar

_____
Jim Bunn

_____
David Beckman

Being all the members of the Executive Committee of:
White Stallion Energy, LLC, the sole member of:
White Stallion Acquisition, the sole member of:

Carbo*Prill, LLC, a limited liability company
organized in Indiana

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Rashda Buttar

_____
Jim Bunn

_____
David Beckman

Being all the members of the Executive Committee of:
White Stallion Energy, LLC, the sole member of:
White Stallion Acquisition, the sole member of:

Carbo*Prill, LLC, a limited liability company
organized in Indiana

[*Signature Page to Omnibus Written Consent*]

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Matthew A. Ubelhor

Being the manager of:

Vigo Coal Land, LLC, a limited liability company organized in Indiana

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Matthew A. Ubelhor

Being the manager of:

Trust Resources, LLC, a limited liability company organized in Indiana

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Matthew A. Ubelhor

Being the manager of:

Vigo Coal Sales, LLC, a limited liability company organized in Indiana

[*Signature Page to Omnibus Written Consent*]

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Rashda Buttar

_____
Jim Bunn

_____
David Beckman

Being all the members of the Executive Committee of:
White Stallion Energy, LLC, the sole member of:
White Stallion Acquisition, the sole member of:

Vigo Equipment, LLC, a limited liability company
organized in Indiana

*[Signature Page to Omnibus Written Consent]*

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Rashda Buttar

_____
Jim Bunn

_____
David Beckman


Being all the members of the Executive Committee of:
White Stallion Energy, LLC, the sole member of:
White Stallion Acquisition, the sole member of:

Vigo Equipment, LLC, a limited liability company
organized in Indiana

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Rashda Buttar


_____
Jim Bunn


_____
David Beckman


Being all the members of the Executive Committee of:
White Stallion Energy, LLC, the sole member of:
White Stallion Acquisition, the sole member of:

Vigo Equipment, LLC, a limited liability company
organized in Indiana


[*Signature Page to Omnibus Written Consent*]

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Rashda Buttar

_____
Jim Bunn

_____
David Beckman

Being all the members of the Executive Committee of:
White Stallion Energy, LLC, the sole member of:
White Stallion Acquisition, the sole member of:

Alchemy Fuels, LLC, a limited liability company
organized in Indiana

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Rashda Buttar

_____
Jim Bunn

_____
David Beckman

Being all the members of the Executive Committee of:
White Stallion Energy, LLC, the sole member of:
White Stallion Acquisition, the sole member of:

Alchemy Fuels, LLC, a limited liability company
organized in Indiana

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Rashda Buttar


_____
Jim Bunn


_____
David Beckman


Being all the members of the Executive Committee of:
White Stallion Energy, LLC, the sole member of:
White Stallion Acquisition, the sole member of:

Alchemy Fuels, LLC, a limited liability company
organized in Indiana


[*Signature Page to Omnibus Written Consent*]

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_(signature)_

Rashda Buttar

_____

Jim Bunn

_____

David Beckman

Being all the members of the Executive Committee of:
White Stallion Energy, LLC, the sole member of:
White Stallion Acquisition, the sole member of:

Vigo Coal Operating Co., LLC, a limited liability
company organized in Indiana

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Rashda Buttar

_____
Jim Bunn

_____
David Beckman

Being all the members of the Executive Committee of:
White Stallion Energy, LLC, the sole member of:
White Stallion Acquisition, the sole member of:

Vigo Coal Operating Co., LLC, a limited liability
company organized in Indiana

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Rashda Buttar

_____
Jim Bunn

_____
David Beckman

Being all the members of the Executive Committee of: White Stallion Energy, LLC, the sole member of: White Stallion Acquisition, the sole member of:

Vigo Coal Operating Co., LLC, a limited liability company organized in Indiana

[*Signature Page to Omnibus Written Consent*]

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Matthew A. Ubelhor

Being the manager of:

Vigo Cypress Mine LLC, a limited liability company organized in Indiana

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Matthew A. Ubelhor

Being the manager of:

Friendsville Mine LLC, a limited liability company organized in Illinois

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Matthew A. Ubelhor

Being the manager of:

Chili Pepper Mine, LLC, a limited liability company organized in Indiana

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Matthew A. Ubelhor

Being the manager of:

Liberty Mine, LLC, a limited liability company organized in Indiana

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Matthew A. Ubelhor

Being the manager of:

Vigo Sunna, LLC, a limited liability company organized in Indiana

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Matthew A. Ubelhor

Being the manager of:

Red Brush West, LLC, a limited liability company organized in Indiana

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Rashda Buttar

_____
Jim Bunn

_____
David Beckman

Being all the members of the Executive Committee of: White Stallion Energy, LLC, the sole member of:

White Stallion - Eagle River, LLC, a limited liability company organized in Indiana

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Rashda Buttar

_____
Jim Bunn

_____
David Beckman

Being all the members of the Executive Committee of:
White Stallion Energy, LLC, the sole member of:

White Stallion - Eagle River, LLC, a limited liability
company organized in Indiana

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Rashda Buttar

_____
Jim Bunn

_____
David Beckman

Being all the members of the Executive Committee of:
White Stallion Energy, LLC, the sole member of:

White Stallion - Eagle River, LLC, a limited liability
company organized in Indiana

[*Signature Page to Omnibus Written Consent*]

### Schedule 1

1.  White Stallion Holdings, LLC, a limited liability company organized in Indiana
2.  White Stallion Energy, LLC, a limited liability company organized in Delaware
3.  White Stallion Acquisition, LLC, a limited liability company organized in Indiana
4.  White Stallion - Solar, LLC, a limited liability company organized in Indiana
5.  Solar Sources Mining, LLC, a limited liability company organized in Indiana
6.  Carbo*Prill, LLC, a limited liability company organized in Indiana
7.  Vigo Coal Land, LLC, a limited liability company organized in Indiana
8.  Trust Resources, LLC, a limited liability company organized in Indiana
9.  Vigo Coal Sales, LLC, a limited liability company organized in Indiana
10. Vigo Equipment, LLC, a limited liability company organized in Indiana
11. Alchemy Fuels, LLC, a limited liability company organized in Indiana
12. Vigo Coal Operating Co., LLC, a limited liability company organized in Indiana
13. Vigo Cypress Mine LLC, a limited liability company organized in Indiana
14. Friendsville Mine LLC, a limited liability company organized in Illinois
15. Chili Pepper Mine, LLC, a limited liability company organized in Indiana
16. Liberty Mine, LLC, a limited liability company organized in Indiana
17. Vigo Sunna, LLC, a limited liability company organized in Indiana
18. Red Brush West, LLC, a limited liability company organized in Indiana
19. White Stallion - Eagle River, LLC, a limited liability company organized in Indiana

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| WHITE STALLION ENERGY, LLC | ) | Case No. 20-_____ (___) |
| | ) | |
| | ) | (Joint Administration Requested) |
| Debtor. | ) | |
| | ) | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| White Stallion Holdings, LLC | 80% |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| WHITE STALLION ENERGY, LLC | ) | Case No. 20-_____ (___) |
|  | ) |  |
|  | ) | (Joint Administration Requested) |
| Debtor. | ) |  |
|  | ) |  |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| White Stallion Energy, LLC | White Stallion Energy, LLC | 250 Cross Pointe Boulevard, Evansville, IN 47715 | 80% |
| White Stallion Energy, LLC | Steven E. Chancellor | 7700 Henze Road Evansville, IN 47720 | 16% |
| White Stallion Energy, LLC | Mark M. Sebree | 11788 South LaForge Street Terre Haute, IN 47802 | 1% |
| White Stallion Energy, LLC | Shane A. Chancellor | 7018 Steeplechase Drive Evansville, IN 47720 | 1% |
| White Stallion Energy, LLC | Kelly G. Duncan | 12443 Poplar Woods Drive Goshen, KY 40026 | >1% |
| White Stallion Energy, LLC | John C. Harman | 329 Valley Drive Morganfield, KY 42437 | >1% |
| White Stallion Energy, LLC | Matthew A. Ubelhor | 2245 West 150 South Bloomfield, IN 47424 | 1% |
| White Stallion Energy, LLC | Lisa Parsons | 10826 S. 350 East Haubstadt, IN 47639 | 1% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

**Fill in this information to identify the case:**

Debtor name: __White Stallion Energy, LLC, et al.__

United States Bankruptcy Court for the District of Delaware

Case number (if known): ___20-_____

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | MACALLISTER MACHINERY CO., INC ATTN: PRESIDENT OR GENERAL COUNSEL DEPT 78731 PO BOX 78000 DETROIT, MI 48278-0731 | MACALLISTER MACHINERY CO., INC ATTN: PRESIDENT OR GENERAL COUNSEL PHONE: 317-545-2151 FAX: 317-860-3310 Fax EMAIL: credit@macallister.com | TRADE | | | | $10,441,159.34 |
| 2 | OLD NATIONAL BANK ATTN: 111 - PAYCHECK PROTECTION PROGRAM 1 MAIN ST EVANSVILLE, IN 47708 | OLD NATIONAL BANK ATTN: 111 - PAYCHECK PROTECTION PROGRAM PHONE: 800-731-2265 FAX: 812-464-1551 EMAIL: jennifer.gilbert@oldnational.com | BANK LOANS | | | | $10,064,818.16 |
| 3 | SYNENERGY PARTNERS LLC ATTN: CHRIS CASH PO BOX 545 VERNON, MT 47620 | SYNENERGY PARTNERS LLC ATTN: CHRIS CASH PHONE: 812-838-4468 FAX: 812-838-8308 EMAIL: jowens@synenergypartners.com | TRADE | | | | $6,834,844.29 |
| 4 | WAREX ATTN: PRESIDENT OR GENERAL COUNSEL PO BOX 310 BOONVILLE, IN 47601 | WAREX ATTN: PRESIDENT OR GENERAL COUNSEL PHONE: 812-473-6066 FAX: 812-477-8381 EMAIL: bobjameswarex@aol.com | TRADE | | | | $4,237,404.58 |
| 5 | CATERPILLAR FINANCIAL SER CORP ATTN: DAVID WALTON PO BOX 730681 DALLAS, TX 75373-0681 | CATERPILLAR FINANCIAL SER CORP ATTN: DAVID WALTON PHONE: 615-341-1000 FAX: 615-341-115 EMAIL: nabc.customerservice@cat.com | TRADE | | | | $1,852,038.90 |
| 6 | WHAYNE SUPPLY CO ATTN: MONTY BOYD, FOUNDER & CEO, BEVERLY KNEAR DBA BOYD COMPANY 10001 LINN STATION RD LOUISVILLE, KY 40223 | WHAYNE SUPPLY CO ATTN: MONTY BOYD, FOUNDER & CEO, BEVERLY KNEAR PHONE: 502-774-4441 FAX: 502-778-2296 EMAIL: beverly_knear@whayne.com | TRADE | | | | $1,624,760.45 |
| 7 | SMITH-MANUS ATTN: BROOK SMITH 2307 RIVER ROAD, SUITE 200 LOUISVILLE, KY 40206-5005 | SMITH-MANUS ATTN: BROOK SMITH PHONE: 800-235-9347; 502-636-9191 FAX: 502-636-5328 EMAIL: info@smithmanus.com; bsmith@smithmanus.com | PROFESSIONAL SERVICES | | | | $1,611,897.00 |
| 8 | HAWKINS BAILEY WHSE INC ATTN: RANDY HAWKINS & DAMON BAILEY 1101 12TH STREET STE A BEDFORD, IN 47421 | HAWKINS BAILEY WHSE INC ATTN: RANDY HAWKINS & DAMON BAILEY PHONE: 812-275-8888 FAX: 812-278-9999 EMAIL: HEATHHAWKINS@HAWKINS-BAILEY.COM; BOBYOUNG@HAWKINS-BAILEY.COM | TRADE | | | | $1,601,471.04 |
| 9 | RUDD EQUIPMENT CO ATTN: TIM MURPHY, BRANCH VICE PRESIDENT DEPT 77432 PO BOX 77000 DETROIT, MI 48277 | RUDD EQUIPMENT CO ATTN: TIM MURPHY, BRANCH VICE PRESIDENT PHONE: 502-456-4050 FAX: 502-458-2515 EMAIL: cniemeier@ruddequipment.com | TRADE | | | | $1,341,584.68 |

Debtor ___White Stallion Energy, LLC, et al.___                                                                                                    Case number (if known) 20_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 10 | CUMMINS SALES AND SERVICE ATTN: TONY S., PRESIDENT & COO 75 REMITTANCE DRIVE SUITE 1701 CHICAGO, IL 60675-1701 | CUMMINS SALES AND SERVICE ATTN: TONY S., PRESIDENT & COO PHONE: 812-377-5000 FAX: 317-240-1215 EMAIL: kenneth.hurst@cummins.com | TRADE | | | | $1,305,400.92 |
| 11 | CONNELL EQUIP LEASING ATTN: PRESIDENT OR GENERAL COUNSEL 300 CONNELL DRIVE BERKELEY HEIGHTS, NJ 07922- | CONNELL EQUIP LEASING ATTN: PRESIDENT OR GENERAL COUNSEL PHONE: 908-673-3700 FAX:  908-673-3800 EMAIL: lalevee@connellco.com | TRADE | | | | $1,206,375.00 |
| 12 | KOHMATSU FINANCIAL LIMITED PARTNERSHIP ATTN: JASON LEE 8770 W BRYN MAWR AVENUE, SUITE 100 CHICAGO, IL 60631 | KOHMATSU FINANCIAL LIMITED PARTNERSHIP ATTN: JASON LEE PHONE: 847-437-3330 FAX: 847-437-3199 EMAIL: jholtz@kohmatsuna.com | TRADE | | | | $1,045,222.83 |
| 13 | C&M GIANT TIRE, LLC ATTN: PRESIDENT OR GENERAL COUNSEL 980 W NEW CIRCLE RD LEXINGTON, KY 40511 | C&M GIANT TIRE, LLC ATTN: PRESIDENT OR GENERAL COUNSEL PHONE: 859-281-1320 FAX: 812-674-2369 EMAIL:  rusty@cmgianttire.com | TRADE | | | | $1,005,056.10 |
| 14 | ONYETT FABRICATORS INC ATTN: ROBERT ONYETT, PRESIDENT 3377 NORTH STATE ROAD 57 PETERSBURG, IN 47567 | ONYETT FABRICATORS INC ATTN: ROBERT ONYETT, PRESIDENT PHONE: 812-354-8899 FAX: 812-354-8877 EMAIL:  thensler@onyettfab.com | TRADE | | | | $858,931.43 |
| 15 | BRANDEIS MACHINERY AND SUPPLY ATTN: MICHAEL BRENNAN, CEO DEPARTMENT 8013 CAROL STREAM, IL 60122-8013 | BRANDEIS MACHINERY AND SUPPLY ATTN: MICHAEL BRENNAN, CEO PHONE: 502-493-4380 FAX: 502-499-3180 EMAIL: michael_brennan@bramco.com | TRADE | | | | $647,173.56 |
| 16 | CUSTOM STAFFING SERVICES ATTN: PRESIDENT OR GENERAL COUNSEL 1820 N. GREEN RIVER ROAD EVANSVILLE, IN 47715 | CUSTOM STAFFING SERVICES ATTN: PRESIDENT OR GENERAL COUNSEL PHONE: 812-474-7400 FAX: 812-474-7411 EMAIL: ehigginson@customstaffingservices.com | PROFESSIONAL SERVICES | | | | $602,379.00 |
| 17 | BRAKE SUPPLY COMPANY ATTN: PRESIDENT OR GENERAL COUNSEL 4280 PAYSHPERE CIRCLE CHICAGO, IL 60674 | BRAKE SUPPLY COMPANY ATTN: PRESIDENT OR GENERAL COUNSEL PHONE: 812-452-3831 FAX: 812-759-6703 EMAIL: jhickman@brake.com | TRADE | | | | $517,690.09 |
| 18 | BOWMAN FAMILY HOLDINGS ATTN: JACKIE B PONDER 6755 GRAY RD INDIANAPOLIS, IN 46237 | BOWMAN FAMILY HOLDINGS ATTN: JACKIE B PONDER PHONE: 317-691-8903 FAX:  N/A EMAIL: jbponder@bfhinc.com | ROYALTY / TRADE | | | | $433,456.56 |
| 19 | JOHN FABICK TRACTOR CO. ATTN: PRESIDENT OR GENERAL COUNSEL 1 FABICK DR. FENTON, MO 63026-2986 | JOHN FABICK TRACTOR CO. ATTN: PRESIDENT OR GENERAL COUNSEL PHONE: 636-343-5900 FAX: 636-680-1550 EMAIL:  michael.malone@fabickcat.com | TRADE | | | | $430,718.74 |
| 20 | DUBOIS COUNTY TREASURER ATTN: CATHY L. "KITTY" MERKLEY, COUNTY TREASURER 1 COURTHOUSE SQ, RM 105 JASPER, IN 47546 | DUBOIS COUNTY TREASURER ATTN: CATHY L. "KITTY" MERKLEY, COUNTY TREASURER PHONE: 812-481-7080 FAX:  N/A EMAIL: treasurer@duboiscountyin.org | PROPERTY TAX | | | | $428,672.69 |

Debtor  White Stallion Energy, LLC, et al.                                                                                                            Case number (if known) 20

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 21  DAVIESS COUNTY TREASURER ATTN: ELAINE WELLMAN, TREASURER 200 E. WALNUT STREET, ROOM 103 WASHINGTON, IN 47501 | DAVIESS COUNTY TREASURER ATTN: ELAINE WELLMAN, TREASURER PHONE: 812-254-8677 FAX: 812-254-8654 EMAIL: treasurer@daviess.org | PROPERTY TAX | | | | $372,805.47 |
| 22  COAL SALES VENTURES INC ATTN: PRESIDENT OR GENERAL COUNSEL 488 MAGNOLIA VALE DR CHATTANOOGA, TN 37419 | COAL SALES VENTURES INC ATTN: PRESIDENT OR GENERAL COUNSEL PHONE: 423-903-8887 FAX: 423-822-7592 EMAIL: Steve_hicks@comcast.net | PROFESSIONAL SERVICES | | | | $326,529.90 |
| 23  GIBCO MOTOR EXPRESS LLC ATTN: PRESIDENT OR GENERAL COUNSEL 5130 VOGAL ROAD EVANSVILLE, IN 47715 | GIBCO MOTOR EXPRESS LLC ATTN: PRESIDENT OR GENERAL COUNSEL PHONE: 812-759-2200 FAX: 812-473-2517 EMAIL: LMeeks@gibcomotorexpress.com | TRADE | | | | $325,096.18 |
| 24  SNF MINING INC ATTN: PRESIDENT OR GENERAL COUNSEL PO BOX 405655 ATLANTA, GA 30384-5655 | SNF MINING INC ATTN: PRESIDENT OR GENERAL COUNSEL PHONE: 606-432-1535; 606-835-9143 FAX: 606-437-0563 EMAIL: remittance@snfhc.com | TRADE | | | | $303,381.84 |
| 25  ROCK CREEK LLC ATTN: THOMAS A. BELLES, SENIOR PARTNER PO BOX 444 HARRISBURG, IL 62946 | ROCK CREEK LLC ATTN: THOMAS A. BELLES, SENIOR PARTNER PHONE: 202-333-8140 FAX: 202-424-7654 EMAIL: info@rockcreekdc.com | PROFESSIONAL SERVICES | | | | $262,666.40 |
| 26  EXTREME WELDING & MACHINE ATTN: ARDON SMITH 1506 US HWY 45 N ELDORADO, IL 62930 | EXTREME WELDING & MACHINE ATTN: ARDON SMITH PHONE: 618-272-7237 FAX:  N/A EMAIL: extreme_weld@yahoo.com | TRADE | | | | $218,548.25 |
| 27  XYLEM DEWATERING SOLUTIONS ATTN: PRESIDENT OR GENERAL COUNSEL 26717 NETWORK PLACE CHICAGO, IL 60673-1267 | XYLEM DEWATERING SOLUTIONS ATTN: PRESIDENT OR GENERAL COUNSEL PHONE: 707-422-9894 FAX: 707-422-9808 EMAIL:  priyadarshini.v@xyleminc.com | TRADE | | | | $205,692.51 |
| 28  ALL TYPE HYDRAULIC ATTN: C.R. TUCKER 12836 HWY 57 EVANSVILLE, IN 47725 | ALL TYPE HYDRAULIC ATTN: C.R. TUCKER PHONE: 800-457-3160 FAX: 812-867-7401 EMAIL: cr.tucker@tuckerhyd.com | TRADE | | | | $185,890.00 |
| 29  MEGA HIGHWALL MINING ATTN: PRESIDENT OR GENERAL COUNSEL 12081 VIRGINIA BOULEVARD Ashland, KY 41102 | MEGA HIGHWALL MINING ATTN: PRESIDENT OR GENERAL COUNSEL PHONE: 800-227-1960 FAX: (606) 929-5513 EMAIL: ckitchell@sdhg.com | TRADE | | | | $182,775.00 |
| 30  BARNES & THORNBURG LLP ATTN:  STEVEN THORNTON ATTN: PRESIDENT OR GENERAL COUNSEL 11 S MERIDIAN STREET INDIANAPOLIS, IN 46204-3535 | BARNES & THORNBURG LLP ATTN:  STEVEN THORNTON ATTN: PRESIDENT OR GENERAL COUNSEL PHONE: 317-236-1313 FAX: 317-231-7433 EMAIL:  steve.thornton@btlaw.com | PROFESSIONAL SERVICES | | | | $169,118.27 |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name: | White Stallion Energy, LLC |
| United States Bankruptcy Court for the: | District of Delaware |
| | (State) |
| Case number (If known): | |

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration   Corporate Ownership Statement, List of Equity Security Holders, and Resolutions of Corporation

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| 12/2/2020 | ✗ /s/ David J. Beckman |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | David J. Beckman |
| | Printed name |
| | Authorized Officer |
| | Position or relationship to debtor |