**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 7 |
| WHITE STALLION ENERGY, LLC, *et al.*,[1] | ) ) ) | Case No. 20-13037 (TMH) |
| Debtors. | ) ) ) | (Jointly Administered) |

**CHAPTER 7 TRUSTEE'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PLEWS SHADLEY RACHER & BRAUN LLP AS SPECIAL COUNSEL TO THE TRUSTEE EFFECTIVE AS OF OCTOBER 8, 2025 PURSUANT TO SECTIONS 327(E), 328(A), AND 330 OF THE BANKRUPTCY CODE**

Alfred T. Giuliano, as the Chapter 7 Trustee (the "Trustee") for the estates of the above-captioned debtors (the "Debtors"), hereby applies to this Court for the entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, authorizing the Trustee to employ Plews Shadley Racher & Braun LLP ("PSRB") as special counsel to the Trustee (the "Application"). In support of this Application, the Trustee submits the declaration of Amy E. Romig, a partner at PSRB, which is attached as **Exhibit B**. In further support of this Application, the Trustee respectfully states as follows.

## BACKGROUND

1. On December 2, 2020 (the "Petition Date"), each of the Debtors except for Eagle River Coal, LLC ("Eagle River"), filed voluntary petitions with the Court for relief under chapter

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, include: White Stallion Energy, LLC (2360); Alchemy Fuels, LLC (N/A); Carbo*Prill, LLC (8385); Chili Pepper Mines, LLC (2247); Eagle River Coal, LLC (6614); Friendsville Mine LLC (8489); Liberty Mine, LLC (3730); Red Brush West, LLC (3940); Solar Sources Mining, LLC (3628); Trust Resources, LLC (1983); Vigo Coal Land, LLC (9585); Vigo Coal Operating Co., LLC (7462); Vigo Coal Sales, LLC (1325); Vigo Cypress Mine LLC (9409); Vigo Equipment, LLC (5629); Vigo Sunna, LLC (7468); White Stallion – Eagle River, LLC (6743); White Stallion – Solar, LLC (9457); White Stallion Acquisition, LLC (2298); and White Stallion Holdings, LLC (3645). The location of the Debtors' headquarters is: 250 N. Cross Pointe Blvd., Evansville, Indiana 47715.

11567169.v1

11 of the Bankruptcy Code. On January 26, 2021, Eagle River also filed with the Court a voluntary petition for relief (together with each of the other Debtors' voluntary petitions for relief, collectively, the "Bankruptcy Cases").

2. A description of the Debtors' businesses and the reasons for commencing the Chapter 11 Cases was set forth in the Declaration of David J. Beckman, Chief Operating Officer of White Stallion Energy, LLC, in Support of Debtors' Chapter 11 Petitions and First Day Motions [Docket No. 9].

3. On September 11, 2024, the Debtors requested entry of an order converting the Bankruptcy Cases to cases under chapter 7 of the Bankruptcy Code and granting related relief [Docket No. 2284] (the "Conversion Motion").

4. On September 27, 2024, the Court entered an order granting the Conversion Motion [Docket No. 2292]. On that same date, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Trustee as the interim trustee to the estates of the Debtors.

5. The Trustee selected Klehr Harrison Harvey Branzburg LLP ("Klehr Harrison") as his general bankruptcy counsel and requested that Klehr Harrison begin to advise him in connection with the administration of these Bankruptcy Cases. On November 27, 2024, the Court entered an Order authorizing the employment of Klehr Harrison as Counsel to the Trustee, effective as of October 2, 2024 [Docket No. 2362].

6. The Trustee is in the process of investigating the Debtors' assets with the intent of maximizing value for the benefit of creditors.

## JURISDICTION AND VENUE

7. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

*Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Trustee confirms his consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

8. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

9. The statutory bases for the relief requested herein are sections 327(e), 328(a), and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1.

## PSRB'S QUALIFICATIONS

10. On or about October 8, 2025, the Trustee engaged PSRB to represent and assist the Trustee with environmental issues regarding coal mining reclamation activities and other environmental issues related to these Bankruptcy Cases. PSRB offers full-service environmental counseling and complex litigation services in Indiana.

11. The Trustee seeks to retain PSRB because of PSRB's recognized expertise and extensive experience and knowledge in the field of environmental law, reclamation and remediation in Indiana. PSRB has been actively involved in many environmental matters both in and outside of bankruptcy proceedings.

12. In preparing for its representation of the Trustee in these Bankruptcy Cases, PSRB has become familiar with the Debtors' businesses and many of the potential legal issues surrounding the environmental matters that have arisen in the context of these Bankruptcy Cases. The Trustee believes that PSRB is both well-qualified and uniquely able to represent the Trustee

as special counsel with respect to environmental matters in these Bankruptcy Cases in an efficient and timely manner.

### BASIS FOR RELIEF

13. By this Application, the Trustee seeks entry of the Order authorizing the retention and employment of PSRB as special counsel to the Trustee pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, and in accordance with the terms and conditions set forth in that certain engagement letter between the Trustee and PSRB (the "Engagement Letter"), a copy of which is attached hereto as **Exhibit 1** to **Exhibit A** and incorporated herein by reference.

14. Section 327(e) of the Bankruptcy Code provides that the trustee, "with the Court's approval, may employ for a specified special purpose . . . an attorney that has represented the debtor, if it is in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

15. Section 328(a) of the Bankruptcy Code provides that a trustee, subject to Court approval, "may employ . . . a professional person . . . on any reasonable terms of employment." Bankruptcy Rule 2014(a) requires that an application for retention include:

> specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr P 2014.

## PSRB'S QUALIFICATIONS

16. As set forth in the Declaration of Amy E. Romig (the "Romig Declaration") attached hereto as **Exhibit B**, PSRB is one of the leading environmental law firms in Indiana that is focused on environmental issues. The attorneys at PSRB have decades of experience with environmental law and knowledge of the complex history behind virtually any environmental law. In fact, the PSRB team includes engineers, biologists, and environmental science majors to assist the Trustee in navigating coal mining reclamation activities in Dubois County and other Indiana environmental issues.

17. The Trustee submits that for all the reasons stated above and in the Romig Declaration, the retention and employment of PSRB as special counsel to the Trustee is warranted. Further, as stated in the Romig Declaration, PSRB is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, to the extent required by section 327(e) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Trustee or the Debtors' estates and has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Romig Declaration.

18. As a result, the Trustee believes that PSRB is uniquely qualified to represent him and that the retention of PSRB is necessary and in the best interests of the Trustee.

## SERVICES TO BE PROVIDED

19. Subject to further order of the Court, and consistent with the Engagement Letter, the Trustee requests the retention and employment of PSRB to render the following legal services, among others, as directed by the Trustee:

    a. advise the Trustee regarding the coal mining reclamation activities in Dubois County, Indiana;

11567169.v1

      b.      advise the Trustee regarding other Indiana environmental issues;

      c.      facilitate and coordinate communications between the Trustee and other parties in connection with any environmental issues; and

      d.      perform on behalf of the Trustee other legal services normally associated with matters such as those identified above.

20.    PSRB has indicated its willingness to act in these cases as special counsel and to render the foregoing services. PSRB will work closely with Klehr Harrison and any other professionals retained by the Trustee to protect the legal rights of the Trustee and the Debtors' estate, and to take the necessary and appropriate steps to avoid any unnecessary duplication of effort with such other professionals.

21.    PSRB will seek to fulfill its role as special counsel to the Trustee in the manner that is expected of all counsel practicing before the Courts of the State of Delaware and the federal courts in the District of Delaware, including the United States Bankruptcy Court for the District of Delaware.

## **PROFESSIONAL COMPENSATION**

22.    PSRB intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of reasonable expenses incurred in connection with these Bankruptcy Cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. The hourly rates and corresponding rate structure PSRB will use in these Bankruptcy Cases are the same as the hourly rates and corresponding rate structure that PSRB uses in other similar matters, as well as similar environmental and litigation matters whether in court or otherwise, regardless of whether a fee application is required. These rates and

the rate structure reflect that such environmental and other complex matters typically are national in scope and involve great complexity and high stakes.

23. PSRB's current hourly rates for matters related to these Bankruptcy Cases range as follows:

| Billing Category | Range of Hourly Rates |
|---|---|
| Partners | $410 to $1,145 |
| Counsel | $425 to $755 |
| Associates | $305 to $400 |
| Paralegals | $305 to $310 |

24. PSRB shall provide a 15% discretionary courtesy discount on all fees and will reflect that discount on each invoice submitted to the Trustee. The Trustee has not paid a retainer to PSRB.

25. PSRB's hourly rates are set at a level designed to compensate PSRB fairly for the work of its attorneys and paraprofessionals and to cover fixed and reasonable expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions.[2]

26. The rate structure provided by PSRB is appropriate and the same as (a) the rates that PSRB charges for other similar types of representations or (b) the rates that other comparable counsel would charge to do work substantially similar to the work PSRB will perform in these Bankruptcy Cases.

27. Consistent with the Engagement Letter, it is PSRB's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's

---

[2] As set forth in the Order, PSRB will provide ten business days' notice to the Trustee and the U.S. Trustee before implementing any periodic increases, and shall file such notice with the Court.

11567169.v1

case that would not have been incurred except for representation of that particular client. It is also PSRB's policy to charge its clients only the amount actually incurred by PSRB in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, computer-assisted legal research, copies, airfare, meals, and lodging. PSRB charges $.20 per page for copies and $.80 per page for color copies.

28. Pursuant to Bankruptcy Rule 2016(b), PSRB has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates, and contract attorneys associated with PSRB or (b) any compensation another person or party has received or may receive. Neither the Debtors nor the Trustee owes PSRB any amounts for legal services rendered before the Petition Date.

## **PSRB'S DISINTERESTEDNESS**

29. To the best of the Trustee's knowledge and as disclosed herein and in the Romig Declaration, (a) PSRB is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, to the extent required by section 327(e) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors, the Debtors' estates or the Trustee and (b) PSRB has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Romig Declaration.

30. PSRB will review its files periodically during the pendency of these Bankruptcy Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, PSRB will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

31. If retained, PSRB will apply to the Court from time to time for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court by submitting fee applications on appropriate notice. In light of privilege and confidentiality considerations, however, PSRB reserves the right to redact its time and expense records and to seek authority from the Court to file such time and expense records under seal.

32. To the best of the Trustee's knowledge, information, and belief, PSRB (i) does not hold or represent any interest which is adverse to the Debtors' estates with respect to the matters on which PSRB is to be retained, and (ii) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code for the purpose of the representation described.

33. The Trustee believes that PSRB is well-qualified to represent him in connection with the environmental issues and coal mining reclamation activities related to these Bankruptcy Cases.

## **NOTICE**

34. The Trustee will provide notice of this motion to (a) the Office of the U.S. Trustee for the District of Delaware; and (b) any party that request service pursuant to Bankruptcy Rule 2002. The Trustee respectfully submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

35. No prior motion for the relief requested herein has been made to this or any other court.

11567169.v1

WHEREFORE, the Trustee respectfully requests that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: November 7, 2025
Wilmington, Delaware

*/s/ Sally E. Veghte*
Domenic E. Pacitti (DE Bar No. 3989)
Sally E. Veghte (DE Bar No. 4762)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
919 North Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone: (302) 426-1189
Facsimile: (302) 426-9193
Email: dpacitti@klehr.com
sveghte@klehr.com

-and-

Morton R. Branzburg
**KLEHR HARRISON HARVEY BRANZBURG LLP**
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone: (215) 569-3007
Facsimile: (215) 568-6603
Email: mbranzburg@klehr.com

*Counsel for the Chapter 7 Trustee*

11567169.v1